# SUPREME COURT OF THE UNITED STATES

DAN M. LIPSCHULTZ, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE MINNESOTA PUBLIC UTILITIES COMMISSION, ET AL. *v.* CHARTER ADVANCED SERVICES (MN), LLC, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 18–1386.    Decided October 21, 2019

The petition for a writ of certiorari is denied. THE CHIEF JUSTICE took no part in the consideration or decision of this petition.

JUSTICE THOMAS, with whom JUSTICE GORSUCH joins, concurring in the denial of certiorari.

Charter Advanced Services provides Voice over Internet Protocol services, which allow users to place voice calls over an Internet connection. After the Minnesota Public Utilities Commission attempted to regulate Charter's provision of these services, Charter brought suit in federal court, arguing that the state regulation was pre-empted. The District Court granted summary judgment to Charter. The Eighth Circuit affirmed, reasoning that the Federal Communications Commission's "policy of nonregulation" of these services pre-empted state law. *Charter Advanced Servs. (MN), LLC* v. *Lange*, 903 F. 3d 715, 718 (2018) (internal quotation marks omitted).

I agree with the Court's determination that this case does not satisfy our criteria for certiorari. I write to explain why, in an appropriate case, we should consider whether a federal agency's policy can pre-empt state law.

The Supremacy Clause of the Constitution provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all

Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Art. VI, cl. 2.

The Clause contains a *non obstante* provision, a common device used by 18th-century legislatures to signal the implied repeal of conflicting statutes. See *PLIVA, Inc.* v. *Mensing*, 564 U. S. 604, 621 (2011); see also Nelson, Preemption, 86 Va. L. Rev. 225, 237–242, 245–246 (2000). At the time of the founding, this Clause would have been understood to pre-empt state law only if the law logically contradicted the "Constitution," the "Laws of the United States," or "Treaties." See *id.,* at 260.

It is doubtful whether a federal policy—let alone a policy of nonregulation—is "Law" for purposes of the Supremacy Clause. Under our precedent, such a policy likely is not final agency action because it does not mark "the consummation of the agency's decisionmaking process" or determine Charter's "rights or obligations." *Bennett* v. *Spear*, 520 U. S. 154, 177–178 (1997) (internal quotation marks omitted); see also *Merck Sharp & Dohme Corp.* v. *Albrecht*, 587 U. S. ___, ___ (2019) (THOMAS, J., concurring). Even if it were final agency action, the Supremacy Clause "requires that pre-emptive effect be given only to those federal standards and policies that are set forth in, or necessarily follow from, the statutory text that was produced through the constitutionally required bicameral and presentment procedures." *Wyeth* v. *Levine*, 555 U. S. 555, 586 (2009) (THOMAS, J., concurring in judgment); see also *Department of Transportation* v. *Association of American Railroads*, 575 U. S. 43, 86 (2015) (THOMAS, J., concurring in judgment) ("The Government may create generally applicable rules of private conduct only through the proper exercise of legislative

power").

Giving pre-emptive effect to a federal agency policy of nonregulation thus expands the power of both the Executive and the Judiciary. It authorizes the Executive to make "Law" by declining to act, and it authorizes the courts to conduct "a freewheeling judicial inquiry" into the facts of federal nonregulation, rather than the constitutionally proper "inquiry into whether the ordinary meanings of state and federal law conflict," *Wyeth*, *supra*, at 588 (THOMAS, J., concurring in judgment) (alteration and internal quotation marks omitted). Because this petition does not clearly challenge the underlying basis of the pre-emption theory, however, I concur in the denial of certiorari.